UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 04-61309-CV-GOLD/TURNOFF

WILMA HARLEY,

    Plaintiff,

vs.

HEALTH CENTER OF
COCONUT CREEK, et al.,

    Defendants.
                             /

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Writ of Execution **[D.E. 224]**, and an Order of Reference entered by the Honorable Alan S. Gold on February 25, 2008. **[D.E. 227]**. A hearing on this Motion **[D.E. 224]** took place before the undersigned on March 19, 2008.

Upon review of the Motion **[D.E. 224]**, the Response **[D.E. 234]**, hearing argument from counsel, and being otherwise duly advised in the premises, the undersigned makes the following findings.

### Background

This lawsuit was filed by Plaintiff Wilma Harley pursuant to 29 U.S.C. § 2601, the Family Medical Leave Act (FLMA). The factual background of this case is well documented in the court record. The recitation of same is not necessary for present purposes.

The procedural history of this matter is long and tortured. This case was originally assigned to the Honorable Alan S. Gold. However, on October 5, 2006, it was reassigned to the Honorable Jose A. Gonzalez. **[D.E. 101]**. A three (3) day trial began on October 31, 2006. **[D.E. 105]**. The

result was a mistrial on November 3, 2006. **[D.E. 110]**.  The case was re-tried before Judge Gonzalez in December 2006.  The result was another mistrial. [**D.E. 125**].

On January 12, 2007, the case was again reassigned to Judge Gold.  **[D.E. 131]**.  A third trial was held on October 15, 2007.  **[D.E. 189]**.  On October 18, 2007, the jury rendered a Verdict for the Plaintiff and awarded her $ 37,543. **[D.E. 200]**.   Judge Gold entered a Preliminary Final Judgment on October 22, 2007. **[D.E. 202]**.

On January 1, 2008, Judge Gold entered an Order denying Defendant's Motion for Judgment as a Matter of Law, and granting-in-part Plaintiff's Motion for Liquidated Damages. **[D.E. 214]**.  A Final Judgment was entered on January 15, 2008 in the amount of $63,848.12. **[D.E. 215]**.

This matter is currently on appeal in  the Eleventh Circuit Court of Appeals. **[D.E. 216]**.  A pending motion by Plaintiff for attorney's fees **[D.E. 219]** has been stayed pending the resolution of said  appeal.  See **[D.E. 222]**.   The parties represented in open Court that a court ordered mediation before an 11th Circuit Court of Appeals mediator is scheduled to take place on April 3, 2008.

## Analysis

Plaintiff seeks a writ of execution under Fed.R.Civ.P. 69.  Plaintiff argues that such relief is proper because, *inter alia*, Defendant is "judgment proof" and has no fixed assets.  See **[D.E. 224]**.  Plaintiff is specifically requesting an Order that directs the  U.S. Marshal's Service to enter Defendant's  business and demand  payment. See **[D.E. 224]**.  If, as Plaintiff expects,  Defendant does not pay,  Plaintiff would then ask that the Court appoint a receiver to take control of the books and assets and pay Plaintiff from incoming receipts.  Id.

Defendant argues that the requested relief is unusual and extraordinary. **[D.E. 234]**.  Defendant also argues that Plaintiff's request is premature and overlooks several substantive steps

necessary prior to the availability of the relief sought in the motion. Id.    The undersigned agrees.

Fed.R.Civ.P. 69 states in pertinent part,

(a) In General.

>   (1) ***Money Judgment; Applicable Procedure***.  A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
>   (2) ***Obtaining Discovery***.  In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person — including the judgment debtor – as provided by these rules or by the procedure of the state where the court is located.

Fed.R.Civ.P. 69.

As a general matter, a writ of execution is applicable to the procedure to collect on a money judgment in Federal Court.  However, other traditional processes should take place before such a writ is entered; e.g., discovery in aid of execution and subsequent motions for writ of garnishment.

Along these same lines, the power to appoint a corporate receiver should be exercised only where exigencies demand it and no other protection can be devised.  See e.g., Conlee Const.Co. v. Krause, 192 So. 2d 330 (3d DCA 1966).   Another important consideration is a "cost /benefit" analysis of appointing a receiver.  Here, the amount to be collected pales in comparison to the potential cost of appointing and maintaining a receiver.    On this record, the preferred course of action would be to complete discovery in aid of execution, and to move forward with garnishment proceedings.

In this connection, counsel for Plaintiff conceded that the responses to previous discovery in aid of execution have not yet become due. Counsel also conceded that the only other "discovery" relative to execution was the deposition of Defendant's 30(b)(6) witness – taken several years ago.

Counsel also conceded that the deponent – Defendant's then Administrator – no longer holds that position. Accordingly, the undersigned finds that further discovery is necessary to determine, *inter alia*, the current state of Defendant's finances.

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion **[D.E. 224]** be **DENIED** *without prejudice.*

It is **FURTHER RECOMMENDED** that Plaintiff be given the option of renewing the Motion after the expiration of sixty (60) days from March 19, 2008.

Pursuant to 28 U.S.C. § 636(b)(1)( c ), the parties may file written objections to this Report and Recommendation with the Honorable Alan S. Gold, United States District Court Judge, within (10) days of receipt. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, *reh'g denied*, 7 F. 3d 242 (11thCir. 1993); LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958, 109 S. Ct. 397 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this 24th day of March 2008.

                                            **William C. Turnoff**
                                            **United States Magistrate Judge**

cc:     Hon. Alan S. Gold
           Counsel of Record